UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELIJAH LUCIANO PPA YARIMAR GONZALEZ : | |
| and ZAIRE LUCIANO, and YARIMAR : | CIVIL ACTION NO. |
| GONZALEZ, INDIVIDUALLY, and ZAIRE : | |
| LUCIANO, INDIVIDUALLY : | |
| Plaintiffs : | |
| V. : | |
| : | |
| THE UNITED STATES OF AMERICA : | |
| Defendant : | MAY 8, 2015 |

## COMPLAINT

### INTRODUCTION

Plaintiffs, Yarimar Gonzalez and Zaire Luciano, individually, and on behalf of their infant son, Elijah Luciano, bring this action against the United States Government pursuant to the Federal Tort Claims Act, to recover for the severe and permanent injuries sustained by Elijah Luciano as a result of the negligence of Cornell Scott Hill Health Corporation d/b/a Cornell Scott Hill Health Center and its agents servants and employees.

### JURISDICTION AND VENUE

1.  This court has jurisdiction over plaintiffs' claims against the United States pursuant to 28 U.S.C. § 1346(b)(1).

2.  The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

1

3. Venue is proper pursuant to 28 U.S.C.A. § 1402(b) because the plaintiffs reside in Connecticut and the negligence of the defendants occurred in Connecticut.

**PARTIES**

4. Plaintiffs, Yarimar Gonzalez and Zaire Luciano, are the parents of the infant plaintiff, Elijah Luciano, all of whom are citizens of the state of Connecticut.

5. At all times mentioned herein the Cornell Scott Hill Health Corporation d/b/a Cornell Scott Hill Health Center employed as agents, servants and employees, Robert Windom, M.D. and Lynn Rudich, M.D., physicians specializing in pediatrics for said clinic, as well as various other nurses and employees.

6. Defendant Cornell Scott Hill Health Center Corporation Cornell d/b/a Cornell Scott Hill Health Center, along with its employees, have been deemed by the Bureau of Primary Health Care of the U.S. Department of Health and Human Services to be federal employees for the purposes of Section 224(a) and federal employees for purpose of conferring liability on the United States for medical malpractice claims under the Federal Tort Claims Act ("FTCA").

7. Pursuant to 28 U.S.C. § 2675(a), plaintiffs have satisfied the FTCA exhaustion requirement by filing an administrative tort claim (see attached **Exhibit A**) with the Department of Health and Human Services and receiving a notice of final determination denying said claim on April 2, 2015 (see attached **Exhibit B**).

**COUNT ONE:**
**ELIJAH LUCIANO PPA YARIMAR GONZALEZ AND ZAIRE LUCIANO V. THE UNITED STATES OF AMERICA**

8. Conn. Gen. Stat. Ann., § 52-190a, provides that any civil action alleging injury as the result of the negligence of a health care provider must be accompanied by a written opinion of a similar health care provider that there appears to be evidence of medical negligence. An opinion letter is attached hereto (see **Exhibit C**) setting forth the bases for plaintiffs' belief that Cornell Scott Hill health Corporation d/b/a Cornell Scott Hill Health Center and its physicians, nurses, agents and employees were negligent in treating Elijah Luciano.

9. On October 15, 2013, the United States, through its employees, Cornell Scott Hill Health Corporation, d/b/a Cornell Scott Hill Health Center, and its nurses, servants, agents, apparent agents, and/or employees, including Robert Windom, M.D. and Lynn Rudich, M.D., undertook the treatment, monitoring, diagnosis, and supervision of the infant plaintiff, Elijah Luciano.

10. While under the care, treatment, monitoring, diagnosis, and supervision of the Cornell Scott Hill Health Corporation, d/b/a Cornell Scott Hill Health Center, and its nurses, servants, agents, apparent agents, and/or employees, including Robert Windom, M.D. and Lynn Rudich, M.D, Elijah Luciano suffered severe, serious, painful, and permanent injuries as hereinafter set forth in Paragraph 12.

11. The said injuries to Elijah Luciano were caused by the failure of Cornell Scott Hill Health Corporation D/B/A Cornell Scott Hill Health Center, its nurses, servants, agents and employees including Robert Windom, M.D and Lynn Rudich, M.D. to exercise reasonable care under all of the facts and circumstances in that they:

a. failed to adequately and properly examine, care for, treat, diagnose, monitor, and refer he infant plaintiff, Elijah Luciano;

b. failed to perform an adequate physical examination of the infant minor;

c. failed to diagnose his hyperbilirubinemia as manifested by extreme jaundice;

d. failed to perform a stat blood test for the bilirubin level in the blood of Elijah Luciano;

e. failed to follow up extreme documented weight loss;

f. failed to send the infant minor to Yale on an emergency basis following his examination;

g. failed to order immediate exchange transfusions for the infant plaintiff;

h. failed to place the infant minor under bililights while waiting for the results of the blood test;

i. failed to have a proper and adequate plan in place for the evaluation and treatment of patients for hyperbilirubenemia;

j. failed to refer the infant minor to another facility for stat blood testing and treatment.

k. failed to administer adequate fluids, nutrition and albumin on a timely basis.

12. As a result of the negligence of the United States, by and through its employees Robert Windom, M.D, and Cornell Scott Hill Health Corporation, the plaintiff, Elijah Luciano suffered the following severe, serious, painful, and permanent injuries:

    a. kernicterus,

    b. brain changes;

    c significant cognitive, motor, and developmental delays;

    d. severe seizure disorder;

    e. visual impairment;

    f. auditory impairment;

    g. psychological, physiological and neurological sequelae.

13. As a result of his injuries, Elijah Luciano has been permanently deprived of his ability to carry on and enjoy life's activities and his earning capacity has been permanently diminished.

14. As a further result of the aforementioned injuries and damages, Elijah Luciano, will incur expenses for medical care and treatment and other costs for special education, rehabilitation, and habilitation, all to his financial loss.

**COUNT TWO:**
    **YARIMAR GONZALEZ and ZAIRE LUCIANO v. THE UNITED STATES OF AMERICA**

1-12. Paragraphs 1 through 12 of COUNT ONE are hereby incorporated and made paragraphs 1 through 12 of COUNT TWO.

13. At all times mentioned herein, Yarimar Gonzalez and Zaire Luciano have been the parents and natural guardians of Elijah Luciano and are responsible for the care and support of Elijah Luciano until the age of 18.

14. As a result of the injuries to Elijah Luciano, Yarimar Gonzalez and Zaire Luciano have incurred and will continue to incur expenses for medical care and treatment, special education, habilitation, and rehabilitation, all to their financial loss.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for relief as follows:

1. Damages in the amount of $75,000,000;
2. Such other and further relief as the Court might deem appropriate.

**THE PLAINTIFFS**
ELIJAH LUCIANO PPA YARIMAR GONZALEZ and ZAIRE LUCIANO, and YARIMAR GONZALEZ, INDIVIDUALLY, and ZAIRE LUCIANO, INDIVIDUALLY

BY _____
MICHAEL P. KOSKOFF ct04211
KOSKOFF, KOSKOFF & BIEDER, P.C.
350 FAIRFIELD AVENUE, 5TH FL.
BRIDGEPORT, CT 06604
TEL.  203-336-4421
FAX:  203-368-3244
mkoskoff@koskoff.com